**Gary MIHALICK, Plaintiff,**

v.

**TOWN OF SIMSBURY,
et al., Defendants.**

**Civil Action No. 3:95CV01822(WWE).**

United States District Court,
D. Connecticut.

Feb. 2, 1999.

---

William F. Gallagher, Barbara L. Cox, Gallegher & Calistro, New Haven, CT, Thomas W. Donohue, Eagan & Donohue, West Hartford, CT, James S. Brewer, West Hartford, CT, for plaintiff.

Stephen P. Fogerty, Robert Avery Rhodes, Halloran & Sage, Westport, CT, for defendants.

William K. Eisenman, Moynahan, Ruskin, Mascolo, Mariani & Minnella, Waterbury, CT, Stephen P. Fogerty, Robert Avery Rhodes, Halloran & Sage, Westport, CT, for defendant Carl Eisenman.

### RULING ON PLAINTIFF'S MOTION FOR CLARIFICATION AND RECONSIDERATION

EGINTON, Senior Judge.

Plaintiff instituted this civil rights action in three counts, claiming that defendants violated his First Amendment rights, his Fourth Amendment rights, and intentionally inflicted emotional distress upon him, a claim actionable under state law. All of these claims were submitted to a jury on March 20, 1998 and that jury found in favor of the plaintiff on all counts. Specifically, the jury found that all four defendants unlawfully retaliated against the plaintiff in violation of the First Amendment; that defendants Cavanaugh and Beck falsely arrested the plaintiff in violation of the Fourth Amendment; and that all four defendants intentionally inflicted emotional distress upon the plaintiff. The jury awarded the plaintiff compensatory damages totalling $3,000,000, consisting of $250,000 against each defendant on the First Amendment claim, $500,000 each against Cavanaugh and Beck on the Fourth Amendment claim, and $250,000 against each defendant on the intentional infliction of emotional distress claim. On May 27, 1998 the defendants filed a Motion for Judgment As a Matter of Law pursuant to Fed.R.Civ.P. 50(b) or for a New Trial pursuant to Fed.R.Civ.P. 59, and alternatively moved for remittitur of that portion of the jury's award compensating the plaintiff for the intentional infliction of emotional distress. On November 5, 1998 the court ruled in favor of the defendants Cavanaugh and Beck on the false arrest claim pursuant to the Fourth Amendment, but upheld the jury verdict against all defendants for the First Amendment retaliation violation and the state law violation based on intentional infliction of emotional distress. The court then ruled that a new trial on damages only is required unless the plaintiff accepts $150,000 as a damages award.

On November 19, 1998 the plaintiff filed a Motion for Clarification and Reconsideration of the court's ruling on defendants' post judgment motions. On December 30, 1998 the defendants filed an objection to the plaintiff's motion and this matter is now ready for decision.

The court commends counsel on both sides for the excellent organization and presentation of the arguments in each brief. Because the briefs were excellently

prepared and presented, the court does not require oral argument.

The court is not persuaded that plaintiff's contentions as to the nature of the jury's verdicts are valid, but the court cannot with any certainty state that the plaintiff is incorrect. Neither court nor counsel is permitted to speculate on the jury's intentions, but it is not logical to assume that the jury, in reaching its verdict on the First Amendment claim, took into account past and future lost wages, as they would be entitled to do, and then made a distinction between the award on that claim and the award on the intentional infliction of emotional distress. As defendants' brief cogently points out, the jury had almost no useful evidence and could very well have ignored the wages claim in reaching an appropriate amount of damages. A logical inference can be drawn that the jury considered the same factors in making all three of its awards and believed that the damages should be the same. The court was as surprised as I believe counsel was when the jury responded to the court's questions that the award on each count was cumulative rather than concurrent.

In any event, the court agrees with the defendants' position that the plaintiff's Motion for Reconsideration for the most part deals with claims that were not presented to the jury at trial in such a way that they could include them in their deliberations.

The court remains of the conviction it held in issuing the original ruling for which reconsideration is now sought. The liability phase of the trial was clear and need not be repeated. The damages phase of the trial was anything but clear, and justice would be best served by a new trial on damages at which the issues can be clarified, as the defendants note at page 3 of their brief in opposition.

Accordingly, the plaintiff's Motion for Clarification and Reconsideration is hereby DENIED and the plaintiff is ordered either to accept the order of remittitur on compensatory damages to $150,000 plus

$3,700, the jury's award of punitive damages on the First Amendment claim, plus attorney's fees and costs pursuant to § 1988 and CGS § 53–39a. If plaintiff rejects the remittitur, the court will schedule a new trial limited to damages issues. Plaintiff's counsel is afforded 21 days within which to notify the court and opposing counsel of plaintiff's decision.